1  TRINETTE G. KENT (State Bar No. 025180)
2  11811 North Tatum Blvd., Suite 3031
   Phoenix, AZ 85028
3  Telephone:  (480) 247-9644
4  Facsimile:  (480) 717-4781
   E-mail: tkent@lemberglaw.com
5
6  *Of Counsel to*
   Lemberg Law LLC
7  A Connecticut Law Firm
8  1100 Summer Street
   Stamford, CT  06905
9  Telephone:  (203) 653-2250
10 Facsimile:  (203) 653-3424
11
   Attorneys for Plaintiff,
12 James Gaskins
13
14
15                IN THE UNITED STATES DISTRICT COURT
16                 FOR THE DISTRICT OF ARIZONA
17
18
19 James Gaskins,                          Case No.:
20            Plaintiff,
21         vs.                              **COMPLAINT**
22
23 West Asset Management, Inc.; and DOES
   1-10, inclusive,                        **JURY TRIAL DEMANDED**
24
25            Defendants.
26
27
28

For this Complaint, the Plaintiff, James Gaskins, by undersigned counsel, states as follows:

## **JURISDICTION**

1.      This action arises out of Defendants' repeated violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* ("FDCPA") in their illegal efforts to collect a consumer debt.

2.      Original and supplemental jurisdiction exists pursuant to 28 U.S.C. §§ 1331, 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that Defendants transact business here and a substantial portion of the acts giving rise to this action occurred here.

## **PARTIES**

4.      The Plaintiff, James Gaskins (hereafter "Plaintiff"), is an adult individual residing in 14640 North Yerba Buena Way, Fountain Hills, Arizona 85268, and is a "consumer" as the term is defined by 15 U.S.C. § 1692a(3).

5.      The Defendant, West Asset Management, Inc. (hereafter "West"), is a company with an address of 11808 Miracle Hills Drive, Omaha, Nebraska 68154, operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. § 1692a(6).

6.     Does 1-10 (the "Collectors") are individual collectors employed by West and whose identities are currently unknown to the Plaintiff.  One or more of the Collectors may be joined as parties once their identities are disclosed through discovery.

7.     West at all times acted by and through one or more of the Collectors.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

### A. The Debt

8.     The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor").

9.     The Debt arose from services provided by the Creditor which were primarily for family, personal or household purposes and which meets the definition of a "debt" under 15 U.S.C. § 1692a(5).

10.    The Debt was purchased, assigned, or transferred to West for collection, or West was employed by the Creditor to collect the Debt.

11.    The Defendants attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. § 1692a(2).

### B. West Engages in Harassment and Abusive Tactics

12.    Within the last year, West contacted Plaintiff's roommate in an attempt to collect the Debt from Plaintiff.

3

13.     West left voice messages on Plaintiff's roommate's telephone, stating that the call was an attempt to collect the Debt from Plaintiff, causing Plaintiff a great deal of embarrassment and frustration.

## C. Plaintiff Suffered Actual Damages

14.     The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendants' unlawful conduct.

15.     As a direct consequence of the Defendants' acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

16.     The Defendants' conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

## COUNT I

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692, *et seq.*

17.     The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18.     The Defendants communicated with individuals other than the Plaintiff, the Plaintiff's attorney, or a credit bureau, in violation of 15 U.S.C. § 1692c(b).

4

19.     The Defendants engaged in behavior the natural consequence of which was to harass, oppress, or abuse the Plaintiff in connection with the collection of a debt, in violation of 15 U.S.C. § 1692d.

20.     The foregoing acts and omissions of the Defendants constitute numerous and multiple violations of the FDCPA, including every one of the above-cited provisions.

21.     The Plaintiff is entitled to damages as a result of the Defendants' violations.

## **PRAYER FOR RELIEF**

WHEREFORE, the Plaintiff prays that judgment be entered against the Defendants as follows:

A. Actual damages pursuant to 15 U.S.C. § 1692k(a)(1) against the Defendants;

B. Statutory damages of $1,000.00 pursuant to 15 U.S.C. §1692k(a)(2)(A) against the Defendants;

C. Costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) against the Defendants;

D. Actual damages from the Defendants for all damages, including emotional distress suffered as a result of the intentional, reckless, and/or negligent FDCPA violations;

E. Punitive damages; and

F. Such other and further relief as may be just and proper.

5

1

**TRIAL BY JURY DEMANDED ON ALL COUNTS**

2

3   DATED:  January 29, 2014              LEMBERG LAW, LLC

4

5

6                                          By:___/s/  Trinette G. Kent_____
                                          Trinette G. Kent
7

8                                          Attorney for Plaintiff,
                                          James Gaskins
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28